2023 IL App (1st) 220809

FOURTH DIVISION
Order filed: March 23, 2023

No. 1-22-0809

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 2881 |
| | ) | |
| DARRELL WIMBERLY, | ) | Honorable |
| | ) | William G. Gamboney |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Rochford and Martin concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Darrell Wimberly, appeals from an order of the circuit court denying him

leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725

ILCS 5/122-1 *et seq*. (West 2020)). He argues that the circuit court erred in denying him leave to

file the successive petition because case law decided after the resolution of his initial petition

created good cause for a successive petition and because evidence used to secure his convictions

was obtained as a result of his unconstitutional arrest, thereby establishing prejudice. For the reasons that follow, we affirm the circuit court's order.

¶ 2    On July 31, 2006, Brandon Lofton and Fabienne Marthol were walking on State Street in Chicago approaching 79th Street when they were robbed at gunpoint. In addition to being robbed, Marthol was struck in the head with a gun by one of the robbers, and Lofton was shot in the back. When the police arrived, Marthol gave a description of the gunman to Chicago Police Detective Luke Connelly.

¶ 3    On August 20, 2006, Detective Connelly showed Marthol a photo array, but she was unable to identify any of individuals. The defendant's picture was not contained in that array. On September 13, 2006, Detective Connelly showed Marthol a second photo array which contained a photograph of the defendant. Mathol pointed to the defendant's picture and said, "He is the one who shot Brandon; he is the one who hit me in the head; and he is the one who robbed us." Marthol told Detective Connelly that she wanted to see the man in person because she "believe this him but not sure, rather see him in person." After Marthol identified the defendant, Detective Connelly began looking for him and issued an investigative alert.

¶ 4    The defendant was arrested by the Dolton Police Department on an unrelated misdemeanor charge. Aware of the investigative alert that Detective Connolly had issued, the Dolton police notified Detective Connolly that the defendant was in their custody and was about to be released. Detective Connolly went to the Dolton police station and placed the defendant under arrest on September 28, 2006. On that same day, the defendant was placed in a lineup, and Marthol positively identified him as the person who robbed her and Lofton, struck her with a gun, and shot Lofton.

¶ 5 The defendant and two codefendants were charged with the armed robbery, aggravated battery with a firearm, and attempt first degree murder of Lofton and the armed robbery and aggravated battery of Marthol. The codefendants each pled guilty to one count of armed robbery and were sentenced to 20 years' imprisonment. The defendant opted for a jury trial.

¶ 6 In April 2009, the jury found the defendant guilty of one count of attempted first degree murder and two counts of armed robbery after evidence showed that he robbed Lofton and Marthol at gunpoint and then shot Lofton in the back. The trial court sentenced the defendant to consecutive terms of 50, 15, and 15 years' imprisonment. This court affirmed the defendant's convictions and sentences on direct appeal. See *People v. Wimberly*, 1-09-1328 (2011) (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 7 On July 28, 2011, the defendant filed an initial petition for postconviction relief, raising several claims of ineffective assistance of trial and appellate counsel. The circuit court dismissed the petition as frivolous and patently without merit, and this court affirmed the dismissal. See *People v. Wimberly*, 2013 IL App (1st) 113454-U (unpublished order pursuant to Supreme Court Rule 23).

¶ 8 On April 21, 2021, the defendant filed a motion for leave to file a successive postconviction petition, raising two claims for relief. The defendant asserted that his trial counsel rendered ineffective assistance and that his 80-year sentence is unconstitutional under the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970 art 1, § 11). On July 26, 2021, the circuit court denied the defendant leave to file the successive petition, and this court affirmed that order. See *People v. Wimberly*, 2022 IL App (1st) 211464.

¶ 9    On September 21, 2021, after his April 21, 2021, motion for leave to file a successive postconviction petition had been denied by the circuit court, the defendant filed a motion to supplement his successive petition. In the proposed supplement, the defendant asserted that his arrest pursuant to an investigative alert was unconstitutional and that both his trial counsel and appellate counsel rendered ineffective assistance by failing to raise the unconstitutionality of his arrest in the trial court and on direct appeal. The circuit court treated the proposed supplement as a second motion for leave to file a successive postconviction petition. On April 22, 2022, the circuit court denied the defendant leave to file the petition, finding that he failed to establish cause for not having raised the claim that his arrest was unconstitutional in his initial postconviction petition, and that he suffered no prejudice because his arrest was supported by probable cause. This appeal followed.

¶ 10    Under the Act, a defendant may raise a claim of a constitutional violation in his trial or in sentencing. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act contemplates the filing of one postconviction petition. *Id.* ¶ 2. Claims not raised in an initial postconviction petition are waived (*Id.* ¶ 21) unless the defendant can show both cause for, and prejudice from, failing to raise the claim in the earlier petition or makes a colorable claim of actual innocence (*People v. Robinson*, 2020 IL 123849, ¶ 42). The Act defines "cause" as "an objective factor that impeded [the petitioner's] ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). To establish "prejudice," a petitioner must demonstrate that the claim not raised in an initial postconviction proceeding "so infected the trial that the resulting conviction or sentence violated due process." *Id.* "[A]t this early leave-to-file stage, the petitioner is not required to make the 'substantial showing' that will later be required at a second-stage

hearing after counsel is appointed." *People v. Walker*, 2022 IL App (1st) 201151, ¶ 20 (citing *Robinson*, 2020 IL 123849, ¶ 58). Rather, " 'leave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and attached documentation that, as a matter of law, the petitioner cannot set forth a colorable claim \*\*\*.' " *Id.* (quoting *People v. Sanders*, 2016 IL 118123, ¶ 24). Our review of the circuit court's denial of leave to file a successive postconviction petition is *de novo. Robinson*, 2020 IL 123849, ¶ 39.

¶ 11    In this appeal, the defendant has made no argument concerning his claims that his trial and appellate counsel rendered ineffective assistance by failing to raise the unconstitutionality of his arrest in the trial court and on direct appeal. Therefore, any assertion of error related to those claims has been forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Instead, the defendant contests only the merits of the circuit court's order as it relates to the claim that his arrest pursuant to an investigative alert was unconstitutional.

¶ 12    Relying on the reasoning of the majority in *People v. Bass*, 2019 IL App (1st) 160640, *aff'd in part, vacated in part,* 2021 IL 125434, and the reasoning of the majority in *Bass*' progeny, *People v. Smith*, 2022 IL App (1st) 190691, the defendant argues that his warrantless arrest based on an investigative alert violated the search and seizure clause of the Illinois Constitution (Ill. Const. 1970 art. I, § 6). He argues that he satisfied the Act's cause requirement for the filing of a successive petition because the decisions in *Bass* and *Smith* were not issued until well after the filing and dismissal of his initial postconviction petition. The defendant argues that he suffered prejudice because the evidence used to obtain his convictions was obtained as a result of his unconstitutional arrest.

¶ 13    While acknowledging that the portion of the majority's decision in *Bass* which held that warrantless arrests made pursuant to an investigative alert are unconstitutional was vacated by the supreme court in *People v. Bass*, 2021 IL 125434, ¶ 31, the defendant nevertheless argues that the majority's decision in *Smith*, which like the majority's decision in *Bass,* held that arrests made pursuant to an investigative alert violate the Illinois Constitution, supports his argument that he made a *prima facie* showing of cause for failing to raise the claim that his arrest was unconstitutional in his initial postconviction petition.

¶ 14    In support of the circuit court's order denying the defendant leave to file, the State argues that the defendant failed to make a *prima facie* showing of cause for failing to raise the claim in his initial postconviction petition. The State notes that concerns over the use of investigative alerts and the constitutionality of their use as a substitute for arrest warrants had been raised in opinions of this court several years before the majority decision in *Bass* was filed. The State points to the decision in *People v. Starks*, 2014 IL App (1st) 121169, wherein this court expressed concern over the use of investigative alerts in the place of arrest warrants. *Id.* ¶ 77. The State also references the special concurring opinion in *People v. Hyland*, 2012 IL App (1st) 110966, wherein Justice Salone noted that the use of investigative alerts to "sidestep" judicial review gives arrest-warrant power to the police and constitutes a violation of a suspect's constitutional rights. *Id.* ¶ 51 (Salone, J., specially concurring, joined by Neville, J.). The State concludes, therefore, that the defendant's constitutional argument was available to him "long before *Bass* was decided." However, the State's reliance on the passages in *Starks* and *Hyland* to support its argument that the defendant cannot establish cause for having failed to raise the claim in an earlier postconviction petition is misplaced. The issue is not whether the defendant could have made the argument earlier; rather,

the question is whether an objective factor impeded the defendant's ability to raise the claim in his initial post-conviction proceedings. See 725 ILCS 5/122-1(f) (West 2020).

¶ 15    In this case, the defendant filed his initial postconviction petition on July 28, 2011. That petition was dismissed by the circuit court in September 2011. The court's decision in *Starks* was filed on June 4, 2014, and the decision in *Hyland* was filed on November 21, 2012. Having been filed long after the defendant's initial postconviction petition was filed and dismissed, neither the decision in *Starks* nor the decision in *Hyland* could support an argument that the constitutional claim raised by the defendant in this case was available to him at the time that he filed his initial postconviction petition.

¶ 16    The State also argues that the defendant cannot rely upon the decision in *Bass* as it relates to the constitutionality of warrantless arrests made pursuant to an investigative alert because that portion of the *Bass* decision was vacated by the supreme court. The argument might have some merit if were not for the fact that the decision in *Smith*, which has not been vacated, parrots both the holding and reasoning in *Bass*.

¶ 17    To satisfy the cause element necessary to obtain leave to file a successive postconviction petition, a defendant must establish that an objective factor impeded his ability to raise a specific claim during his initial postconviction proceedings. 725 ILCS 5/122-1(f) (West 2020). The defendant in this case has satisfied that requirement. Indeed, as the defendant correctly argues, new decisions can establish cause for raising a claim in a successive postconviction petition. See *People v. Womack*, 2020 IL App (3d) 170208, ¶ 18. And the decisions in *Bass* and *Smith*, which both hold that warrantless arrests made pursuant to an investigative alert violate the search and seizure clause of the Illinois Constitution, were decided years after the defendant's initial

postconviction petition was filed and decided. The reasoning and the holdings of the majorities in *Bass* and *Smith* relating to the unconstitutionality of warrantless arrests made pursuant to an investigative alert are novel and are not found in any reported decision predating the filing and dismissal of the defendant's initial postconviction petition which leads us to conclude that the defendant has established cause for not having raised a claim that his warrantless arrest made pursuant to an investigative alert violated the search and seizure clause of the Illinois Constitution in his initial postconviction petition.

¶ 18     As noted earlier, however, to obtain leave to file a successive postconviction petition on grounds other than actual innocence, a defendant must establish both cause for and prejudice from failing to raise the claim in an earlier petition. If a defendant is unable to set forth a colorable claim that so infected his trial such that the resulting conviction or sentence violated due process, he is unable to satisfy the prejudice prong of the test necessary to obtain leave to file a successive postconviction petition.

¶ 19     Relying on the portion of the decision in *People v. Braswell*, 2019 IL App (1st) 172810, declining to follow the holding in *Bass* relating to the constitutionality of warrantless arrests made pursuant to an investigative alert, the State argues that the defendant cannot make a *prima facie* showing of prejudice necessary to support a motion to file a successive postconviction petition. We agree.

¶ 20     In *Bass* and *Smith,* both plurality decisions, the majorities held that an arrest made without a warrant and pursuant to an investigative alert violates the search and seizure clause of the Illinois Constitution, even in cases where the investigative alert is supported by probable cause. See *Bass*, 2019 IL App (1st) 160640, ¶ 43, *aff'd in part, vacated in part,* 2021 IL 125434; *Smith*, 2022 IL

App (1st) 190691, ¶¶ 58, 66. In *Braswell,* the court declined to follow the holding in *Bass*, concluding that the case was wrongly decided. See *Braswell*, 2019 IL App (1st) 172810, ¶ 37. The *Braswell* court adopted the partial dissents in *Bass* and found that warrantless arrests made pursuant to an investigative alert supported by probable cause do not run afoul of the search and seizure clause of the Illinois Constitution. We arrive at the same conclusion.

¶ 21    In *People v. Holmes*, 2017 IL 120407, the supreme court noted that both the fourth amendment to the United States Constitution (U.S. Const., amend IV) and article I, section 6, of the Illinois Constitution guarantee citizens the right to be free from unreasonable searches and seizures. *Id.* ¶ 25. The supreme court went on to hold that "we construe the search and seizure clause of our state constitution in accordance with the United States Supreme Court's interpretation of the fourth amendment unless any of the narrow exceptions to lockstep interpretation apply." *Id* ¶ 24.

¶ 22    The majority in *Bass* found that a "critical difference" exists between the fourth amendment to the United States Constitution and article I, section 6, of the Illinois Constitution, justifying a departure from the general proposition that the search and seizure clause of our state constitution is construed in accordance with the United States Supreme Court's interpretation of the fourth amendment. The "critical difference" identified by the majority in *Bass* is the provision in the fourth amendment which provides that no warrants for arrest shall issue, "but upon probable cause, supported by Oath or affirmation" (U.S. Const., amend IV), compared to the Illinois Constitution which states that "[n]o warrant shall issue without probable cause supported by affidavit" (Ill. Const. 1970 art. I, § 6). *Bass*, 2019 IL App (1st) 160640, ¶ 3. This perceived distinction is the underpinning of the *Bass* court's conclusion that, unlike the United States

Constitution, "the Illinois Constitution requires, in the ordinary case, a warrant to issue before an arrest can be made" and "[a]rrests based on investigative alerts violate that rule." *Bass*, 2019 IL App (1st) 160640, ¶ 62. The *Bass* court's conclusion in that regard appears to be the justification for its holding that warrantless "arrests based solely on investigative alerts, even those supported by probable cause, are unconstitutional under the Illinois Constitution." *Bass*, 2019 IL App (1st) 160640, ¶ 43.

¶ 23    However, the supreme court in *People v. Caballes*, 221 Ill. 2d 282 (2006), interpreting the phrase "supported by affidavit" in the search and seizure provision of the Illinois Constitution of 1870 (Ill. Const. 1870, art. II, § 6), a phrase which is identical to the one contained in article I, section 6, of the Illinois Constitution of 1970, held that the phrase is "virtually synonymous with 'by Oath of affirmation' in the fourth amendment." *Id.* at 291. We find, therefore, that the perceived "critical difference" between the fourth amendment to the United States Constitution and article I, section 6, of the Illinois Constitution which underlies the *Bass* court's holding that arrests based solely on investigative alerts, even those supported by probable cause, are unconstitutional under the Illinois Constitution is nonexistent and cannot form the basis of an exception to the general rule that the search and seizure clause of our state constitution is construed in accordance with the United States Supreme Court's interpretation of the fourth amendment of the United States Constitution. We find nothing in the language of our constitution, and the defendant has pointed to nothing in the reports of the constitutional convention, indicating that article I, section 6, of the Illinois Constitution was intended to be construed differently than the fourth amendment to the United States Constitution as it relates to warrantless arrests made with probable cause.

¶ 24 As the majority in *Bass* recognized, the fourth amendment of United States Constitution allows for warrantless arrests so long as the police have probable cause to arrest the suspect. *Bass*, 2019 IL App (1st) 160640, ¶ 37 (citing *United States v. Watson*, 423 U.S. 411, 417 (1976)). In *Watson*, the Supreme Court held that, in determining whether an arrest passes scrutiny under the fourth amendment, the necessary inquiry is not whether there was a warrant or whether there was time to get one, but whether there was probable cause to make the arrest. *Watson*, 423 U.S. at 417.

¶ 25 In the absence of any exception to the lockstep doctrine, we construe the search and seizure clause of our state constitution in accordance with the United States Supreme Court's interpretation of the fourth amendment on the issues of warrantless arrests. The *Braswell* court found that the flaw in the majority's reasoning in *Bass* is that arrests must be based on probable cause, not warrants as suggested in *Bass. Braswell*, 2019 IL App (1st) 172810, ¶ 39. We agree and find that the reasoning of the majority in *Smith* suffers from the same flaw. In determining whether a warrantless arrest pursuant to an investigative alert passes scrutiny under article I, section 6, of the Illinois Constitution, the relevant inquiry is whether the police had probable cause to make the arrest. Probable cause may be established from the collective knowledge of the police officers working in concert investigating a crime even if that information is not specifically known by the officer making the arrest. *People v. Buss*, 187 Ill. 2d 144, 204 (1999). A warrantless arrest made pursuant to an investigative alert does not violate the search and seizure clause of the Illinois Constitution so long as the alert is supported by probable cause.

¶ 26 Based on the foregoing analysis, we reject the holding of the majorities in *Bass* and *Smith* that a warrantless arrest made pursuant to an investigative alert violates the search and seizure clause of the Illinois Constitution, even in cases where the investigative alert is supported by

probable cause. See *Braswell*, 2019 IL App (1st) 172810, ¶ 37; *People v. Simmons*, 2020 IL App (1st) 170650, ¶ 64; *People v. Thornton*, 2020 IL App (1st) 170753, ¶¶ 46–50; *People v. Bahema*, 2020 IL App (1st) 180197, ¶¶ 61–64. Accordingly, we find that, having not alleged that his arrest was made without probable cause, the defendant failed to set forth a colorable claim predicated solely on his arrest having been made pursuant to an investigative alert, and as a consequence, he cannot establish that he suffered prejudice by having failed to raise the claim in an earlier postconviction petition. Therefore, we affirm the circuit court's order denying the defendant leave to file a successive postconviction petition raising a claim that his warrantless arrest pursuant to an investigative alert violated the search and seizure clause of the Illinois Constitution.

¶ 27    Affirmed.

*People v. Wimberly*, **2023 IL App (1st) 220809**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 07-CR-2881; the Hon. William G. Gamboney Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, State Appellate Defender; Douglas R. Hoff, Deputy Appellate Defender; Christina L. Merriman, Assistant Appellate Defender,<br>203 N. LaSalle Street, 24th Floor<br>Chicago, IL 60601<br>312.814.5472 |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Paul E. Wojcicki, Adam C. Motz<br>Richard J. Daley Center, Third Floor.<br>Chicago, IL 60602<br>312.693-5496 |