2025 IL App (1st) 232102-U

FIFTH DIVISION
March 7, 2025

No. 1-23-2102

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 04 CR 30561 |
| RONCHAWN DOUGLAS, | ) ) | Honorable Michael B. McHale, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Mitchell and Navarro concurred in the judgment.

ORDER

¶ 1    *Held*: The circuit court's denial of leave to file a successive postconviction petition is affirmed where defendant cannot establish cause or prejudice because his arrest pursuant to an investigative alert was constitutional.

¶ 2    Defendant Ronchawn Douglas appeals from a circuit court order denying his motion for leave to file a successive petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2022)). On appeal, Mr. Douglas contends that he established cause and prejudice where "new case law" established his arrest pursuant to an investigative alert was unconstitutional and evidence obtained as a result of his unconstitutional arrest was used to convict him. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Following a jury trial, Mr. Douglas was convicted of the first degree murder of Grover George and sentenced to 60 years in prison. The facts of the case were fully set forth in our decision on direct appeal (see *People v. Douglas*, No. 1-06-1394 (2008) (unpublished order under Illinois Supreme Court Rule 23)), so we recite them here only briefly to provide context for this appeal.

¶ 5      Mr. George was fatally shot in the head during an incident on March 11, 2005. Two individuals who had known Mr. Douglas since he was a child identified him as the shooter. Police were unable to find Mr. Douglas, so "an investigative alert with probable cause" for his arrest was issued on or about March 11, 2004. Police arrested Mr. Douglas pursuant to the investigative alert on November 27, 2004.

¶ 6      This court affirmed Mr. Douglas's conviction on direct appeal (see *id*.) and also affirmed the summary dismissal of his initial postconviction petition raising ineffective assistance of counsel claims (*People v. Douglas*, 2011 IL App (1st) 093188).

¶ 7      On February 11, 2020, Mr. Douglas filed a motion for leave to file a successive postconviction petition and corresponding proposed petition, asserting that under *People v. Bass*, 2019 IL App (1st) 160640, *aff'd in part and vacated in part*, 2021 IL 125434, his arrest violated the Illinois Constitution because he was arrested pursuant to an investigative alert instead of a warrant.

¶ 8      On October 11, 2023, the circuit court denied Mr. Douglas leave to file the successive postconviction petition, finding that he failed to satisfy the cause and prejudice test and the claims were frivolous and patently without merit. In addressing Mr. Douglas's unconstitutional arrest claim, the court followed *People v. Braswell*, 2019 IL App (1st) 172810, which explained that arrests must be based on probable cause, but not necessarily with warrants. The court found there

"was an abundance of probable cause" to support Mr. Douglas's arrest and that his claim lacked merit.

¶ 9                    II. JURISDICTION

¶ 10    The circuit court denied Mr. Douglas's motion for leave to file his successive postconviction petition on October 11, 2023, and Mr. Douglas timely filed a notice of appeal from that denial on October 26, 2023. We have jurisdiction over this appeal, pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 651(a) (eff. July 1, 2017), governing appeals from final judgments in postconviction proceedings.

¶ 11                    III. ANALYSIS

¶ 12    On appeal, Mr. Douglas asserts that the circuit court erred in denying him leave to file a successive postconviction petition because *Bass*—as well as *People v. Smith*, 2022 IL App (1st) 190691, and *People v. Wimberly*, 2023 IL App (1st) 220809, decided after he filed his initial postconviction petition—held arrests pursuant to investigative alerts unconstitutional, and he was convicted based on evidence obtained after his arrest.

¶ 13    Under the Act, a criminal defendant may assert that his conviction and sentence resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a) (West 2022). The Act provides a three-stage process for adjudicating postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23.

¶ 14    A defendant is only allowed to file one postconviction petition without leave of the court. 725 ILCS 5/122-1(f) (West 2022). However, the procedural bar against successive proceedings will be relaxed where the defendant (1) can establish "cause and prejudice" for the failure to assert a postconviction claim in an earlier proceeding or (2) shows a "fundamental miscarriage of justice"

based on actual innocence. *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23.

¶ 15     Here, Mr. Douglas argues that he satisfied the cause and prejudice test. For purposes of the cause and prejudice test, a defendant establishes (1) cause by identifying "an objective factor that impeded his ability to raise the claim in his initial petition" and (2) prejudice by demonstrating that "the claim so infected the trial that the resulting conviction or sentence violated due process." (Internal quotation marks omitted.) *People v. Walker*, 2022 IL App (1st) 201151, ¶ 20.

¶ 16     Our supreme court recently issued *People v. Clark*, 2024 IL 127838, ¶ 63, overruling *Bass* and *Smith* and holding that arrests pursuant to investigative alerts do not violate the Illinois Constitution. Even if Mr. Douglas established cause, he cannot establish prejudice premised on his arrest pursuant to an investigative alert in light of *Clark*. We therefore find that Mr. Douglas failed to satisfy the cause and prejudice test and affirm the denial of his motion for leave to file a successive petition. See *People v. Smith*, 2014 IL 115946, ¶ 35 (stating that leave to file a successive postconviction petition should be denied where the claims fail as a matter of law).

¶ 17                                        IV. CONCLUSION

¶ 18     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 19     Affirmed.