2022 IL App (1st) 201151

No. 1-20-1151

Third Division
June 22, 2022

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Respondent-Appellee, | ) ) | No. 05 CR 18000 |
| v. | ) ) | The Honorable |
| BRIAN WALKER, | ) ) ) | Thomas Joseph Hennelly, Judge Presiding. |
| Petitioner-Appellant. | ) ) | |

_____

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices McBride and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Brian Walker, age 20 at the time of the offense, appeals from the trial court's order denying him leave to file a successive *pro se* postconviction petition. Following a jury trial, defendant was convicted of the first degree murder of Dehombre Barnett. The jury also found that defendant personally discharged the firearm that caused the victim's death. Following three sentencings, which we describe below, defendant was ultimately sentenced to 28 years, plus an additional 25 years due to a firearm enhancement, for a total sentence of 53 years with the Illinois Department of Corrections (IDOC).

¶ 2     On appeal, defendant maintains that he has established the cause and prejudice necessary to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). Defendant maintains that, in light of recent law and developing science, his 53-year sentence violates the proportionate penalties clause of the Illinois Constitution, as applied to him, where he was only 20 years old at the time of the offense, where the offense reflected the hallmark characteristics of youth, including lack of maturity, impetuousness, and susceptibility to peer pressure, and where recent research on the young adult brain suggests he was more akin to a juvenile than an adult at the time of the offense. For the following reasons, we affirm the judgment of the trial court.

¶ 3                                                    BACKGROUND

¶ 4     The instant appeal represents the fourth time defendant has appeared before this court in connection with his conviction and sentence for first degree murder. A detailed recitation of the facts and trial testimony can therefore be found in our prior decisions, which we hereby incorporate by reference and from which the following relevant facts are drawn. See *People v. Walker*, 392 Ill. App. 3d 277 (2009); *People v. Walker*, 2012 IL App (1st) 102284-U; *People v. Walker*, 2018 IL App (1st) 160509.

¶ 5     In sum, the State's evidence at trial established that defendant and Matthew Moss, an uncharged co-offender, entered the victim's barbershop shortly before the murder and ran out after two gunshots were fired. Defendant's signed statement to an assistant state's attorney was admitted into evidence and published to the jury. In it, defendant stated that he went to the barbershop on July 8, 2005, to purchase marijuana from the victim, which defendant had done several times in the past. After leaving because people were present inside the shop, defendant met Moss outside of the shop. Moss then went into the shop and returned a few minutes later,

2

stating to defendant that he was upset because the victim would not give him a haircut for $10. Moss told defendant that he intended to rob the victim, and defendant told Moss to be careful because the victim usually carried a gun. Defendant had a gun and assumed that Moss had a gun, since he intended to rob the victim.

¶ 6 Defendant entered the shop and walked with the victim to the back room, where defendant gave the victim $10 in exchange for some marijuana. When defendant walked back into the main area of the shop, he observed Moss. While it was Moss's plan to rob the victim, defendant stated that he was willing to accept any of "money or weed" from the robbery that Moss would be "willing to give" him. Defendant put his hand on his gun and observed the victim pull out a small gun and wave it toward Moss and defendant. A "click" came from the victim's gun, but it did not fire. Defendant then pulled out his gun and "panicked and fired the gun," firing two shots at the victim. Defendant then ran out of the barbershop, to the river, where he threw his gun before running home and changing his clothes.

¶ 7 In a stipulation between the parties, a forensic scientist stated that, if called to testify, he would testify that a gunshot residue test performed on defendant's hands did not detect gunshot residue but that "gunshot residue particles can be effectively removed by washing or wiping the surface" or with "normal hand activity over time." A forensic pathologist testified that the victim died as the result of a gunshot that entered above the victim's left temple, above the eyebrow.

¶ 8 The jury found defendant guilty of first degree murder and also found that he personally discharged the firearm that proximately caused the victim's death. At the first sentencing, the trial court sentenced defendant to 35 years for felony murder, plus the mandatory 25-year enhancement for killing with a firearm, for a total of 60 years.

3

¶ 9      On appeal, defendant claimed (1) that the trial court abused its discretion by allowing the State to proceed solely on a felony murder charge, thereby precluding defendant from seeking jury instructions on self-defense and second degree murder, (2) that the trial court erred by refusing to allow the defense to present evidence that a co-offender was not charged, (3) that the trial court erred by refusing to give defendant's requested issues instruction on armed robbery, and (4) that defendant's sentence was both excessive and improper because the trial court considered in aggravation matters that were implicit in the offense and facts unsupported by the evidence.

¶ 10      For reasons already stated in our prior opinion, in 2009 this court affirmed the judgment of conviction but remanded for resentencing, "with instructions that the trial court may not consider in aggravation the killing by a firearm, because that is a matter implicit in the firearm enhancement for the felony murder conviction." *Walker*, 392 Ill. App. 3d at 303.

¶ 11      At the second sentencing, held on May 18, 2010, the trial court sentenced defendant to 28 years for felony murder, plus 25 years for the firearm enhancement, for a total of 53 years.

¶ 12      On appeal from the second sentencing, this court found in 2012 that "there is nothing in the record to show whether the sentencing court considered defendant's subjective belief that he shot the victim in self-defense, which is a statutory mitigating factor in sentencing only in a felony murder case." *Walker*, 2012 IL App (1st) 102284-U, ¶ 1. This court vacated defendant's sentence a second time and remanded for a third sentencing in order "for the sentencing court to consider defendant's [subjective] belief." *Walker*, 2012 IL App (1st) 102284-U, ¶ 1.

¶ 13      At the third sentencing, held on December 18, 2012, the trial court considered defendant's subjective belief in the need for self-defense and again sentenced defendant to 28 years for

felony murder, plus 25 years for the firearm enhancement, for a total of 53 years. Defendant filed an appeal from the third sentencing, but this court granted counsel's *Anders* motion to withdraw and affirmed defendant's sentence. See *Anders v. California*, 386 U.S. 738 (1967); *In re J.P.*, 2016 IL App (1st) 161518, ¶¶ 5-6 (pursuant to *Anders*, appointed counsel may request leave to withdraw from representation on direct appeal if counsel "conclude[s] that no viable grounds exist for the appeal").

¶ 14 On August 13, 2015, defendant filed a *pro se* petition for relief from judgment, seeking relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), which was denied. Defendant did not appeal the denial of his section 2-1401 petition for relief from judgment.

¶ 15 In defendant's initial *pro se* postconviction petition, filed on November 17, 2015, defendant raised several claims, only one of which he raised on appeal: that his counsel was ineffective for failing to inform him of the mandatory 25-year firearm enhancement, thereby leading defendant to reject a 27-year plea offer from the State. *Walker*, 2018 IL App (1st) 160509, ¶ 12. This court found defendant failed to show prejudice stemming from this alleged failure and, therefore, could not establish ineffective assistance of counsel. *Walker*, 2018 IL App (1st) 160509, ¶ 33. In reaching this conclusion, we noted that, the firearm enhancement notwithstanding, defendant was willing to risk a possible 60-year sentence for murder and reject an offer of only seven years more than the minimum in the hope of being acquitted. *Walker*, 2018 IL App (1st) 160509, ¶ 35.

¶ 16 On March 3, 2020, defendant filed the *pro se* motion for leave to file a successive postconviction petition that is the subject of the instant appeal. In the motion and attached petition, defendant argues that his *de facto* life sentence of 53 years, imposed for a crime

5

committed when he was 20 years old, violates both the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution where the trial court "did not consider the 'signature qualities of youth' " when sentencing defendant. Defendant also included a discussion of developments in the way the law treats juveniles and youthful offenders, as well as recent scientific findings in neurobiology and developmental psychology showing that the human brain does not finish developing until an individual's mid-twenties, which is much later than previously thought.

¶ 17 On August 27, 2020, the trial court issued an oral ruling denying defendant's motion for leave, finding that the law cited by defendant was "not applicable." Defendant filed a timely notice of appeal from that decision on September 22, 2020. We have jurisdiction over this appeal pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 651(a) (eff. July 1, 2017), governing appeals from final judgments in postconviction proceedings.

¶ 18                                                    ANALYSIS

¶ 19 In the case at bar, defendant seeks leave to file a successive postconviction petition pursuant to the Act. The Act provides a statutory remedy for criminal defendants who claim that their constitutional rights were violated at trial or at sentencing. *People v. House*, 2021 IL 125124, ¶ 15 (the Act permits inquiry into constitutional issues relating to conviction or sentence). Although our supreme court has made clear that the Act contemplates only one postconviction proceeding, "[n]evertheless, [the supreme] court has, in its case law, provided two bases upon which the bar against successive proceedings will be relaxed." *People v. Edwards*, 2012 IL 111711, ¶ 22; 725 ILCS 5/122-1(f) (West 2018). To file a successive petition, a defendant must establish either (1) cause for not filing earlier and prejudice or

6

(2) actual innocence. *Edwards*, 2012 IL 111711, ¶¶ 22-23. In the instant case, defendant alleges only cause and prejudice.

¶ 20    Prior to commencing a successive proceeding, a defendant must obtain leave of court to file his or her petition. *People v. Robinson*, 2020 IL 123849, ¶ 43. At this threshold stage, when a defendant seeks leave to file, he or she is required to demonstrate only "a *prima facie* showing of cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24. To show cause, "a defendant must identify an objective factor that impeded his ability to raise the claim in his initial petition." *People v. Davis*, 2014 IL 115595, ¶ 14. To show prejudice, "a defendant must demonstrate that the claim so infected the trial that the resulting conviction or sentence violated due process." *Edwards*, 2012 IL 111711, ¶ 25. If leave to file is granted, the petition will be docketed for second-stage proceedings. *People v. Sanders*, 2016 IL 118123, ¶ 28; *People v. Jackson*, 2015 IL App (3d) 130575, ¶ 14 ("When a defendant is granted leave to file a successive postconviction petition, the petition is effectively advanced to the second stage of postconviction proceedings."). Thus, at this early leave-to-file stage, the petitioner is not required to make the "substantial showing" that will later be required at a second-stage hearing after counsel is appointed. *Robinson*, 2020 IL 123849, ¶ 58. "[L]eave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and attached documentation that, as a matter of law, the petitioner cannot set forth a colorable claim ***." *Sanders*, 2016 IL 118123, ¶ 24.

¶ 21    To determine whether a defendant has made a *prima facie* showing of cause and prejudice, we apply a *de novo* standard of review. *Bailey*, 2017 IL 121450, ¶ 13. *De novo* consideration means that a reviewing court performs the same analysis that a trial judge would perform. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41.

7

¶ 22    In the case at bar, defendant argues he has established cause because his petition alleged that a new and growing body of case law, such as *Miller v. Alabama*, 567 U.S. 460 (2012), and *People v. House*, 2019 IL App (1st) 110580-B, *rev'd in part*, 2021 IL 125124, was not available to him when he filed his initial petition on November 17, 2015. We thus begin our analysis of cause with a summary of the evolving constitutional standards for sentencing of juveniles and young adults under the eighth amendment to the United States Constitution and proportionate penalties clause of the Illinois Constitution.

¶ 23    "The Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.' " *Miller*, 567 U.S. at 469 (quoting *Roper v. Simmons*, 543 U.S. 551, 560 (2005)). In *Miller*, the United States Supreme Court found that a sentence of mandatory life without parole for offenders under 18 years old violates the eighth amendment and announced several factors that a sentencing court must consider in mitigation before imposing a natural life sentence on a juvenile. *Miller*, 567 U.S. at 465, 483. The Illinois Supreme Court has since expanded the applicability of *Miller* to *de facto* life sentences, which it defined as a sentence of over 40 years. See *People v. Reyes*, 2016 IL 119271, ¶¶ 9-10; *People v. Buffer*, 2019 IL 122327, ¶¶ 40-41. Thus, a mandatory sentence in excess of 40 years, for an offender under 18 years old at the time of the offense, violates the eighth amendment if the trial court failed to specifically consider "some variant of the *Miller* factors." *People v. Holman*, 2017 IL 120655, ¶¶ 40, 43-44; *Buffer*, 2019 IL 122327, ¶¶ 40-41.

¶ 24    These eighth amendment decisions, however, do not directly apply to the case at bar because defendant was not a juvenile at the time of his offense; he was 20 years old. In *People v. Harris*, 2018 IL 121932, our supreme court reaffirmed under 18 as the age cutoff for juvenile

8

sentencing protections in the eighth amendment context. *Harris*, 2018 IL 121932, ¶ 61 (in the eighth amendment context, "for sentencing purposes, the age of 18 marks the present line between juveniles and adults"); see also *People v. Ruiz*, 2020 IL App (1st) 163145, ¶ 32 (*Miller* does not apply to individuals 18 years or older); *People v. Minniefield*, 2020 IL App (1st) 170541, ¶ 37 (same); *People v. White*, 2020 IL App (5th) 170345, ¶ 20 (same).

¶ 25    While *Harris* foreclosed defendant's eighth amendment argument, it pointedly left open the applicability of the Illinois Constitution. *Harris*, 2018 IL 121932, ¶ 48 (explaining that postconviction proceedings are the most appropriate mechanism for young adult offenders to raise proportionate penalties claim). Indeed, where, as here, a young adult raises an as-applied challenge, Illinois courts have routinely considered their sentencing claims under the proportionate penalties clause of our Illinois Constitution rather than the eighth amendment. *E.g.*, *Minniefield*, 2020 IL App (1st) 170541, ¶¶ 37-38 (considering a 19-year-old defendant's as-applied sentencing claim under the proportionate penalties clause rather than the eighth amendment); *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 51 (18-year-old defendant); *People v. Johnson*, 2020 IL App (1st) 171362, ¶¶ 13-31 (19-year-old defendant); *People v. Savage*, 2020 IL App (1st) 173135, ¶ 61 (22-year-old defendant); *People v. Ross*, 2020 IL App (1st) 171202, ¶ 20 (19-year-old defendant).

¶ 26    The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "The purpose of the proportionate penalties clause is to add a limitation on penalties beyond those provided by the eighth amendment and to add the objective of restoring the offender to useful citizenship." *Minniefield*, 2020 IL App (1st) 170541, ¶ 35; see *Franklin*, 2020 IL App (1st) 171628, ¶ 55; *Savage*, 2020 IL App (1st)

9

173135, ¶ 65. Thus, the proportionate penalties clause goes further than the eighth amendment in offering protection against oppressive penalties. *Minniefield*, 2020 IL App (1st) 170541, ¶ 35; *People v. Clemons*, 2012 IL 107821, ¶ 39; *People v. Fernandez*, 2014 IL App (1st) 120508, ¶ 63 ("the Illinois Constitution places greater restrictions on criminal sentencing than the eighth amendment's prohibition"). "Unlike other constitutional provisions affecting criminal defendants, these two provisions—the eighth amendment and the proportionate penalties clause—are not in lockstep." *Franklin*, 2020 IL App (1st) 171628, ¶ 55; see *Savage*, 2020 IL App (1st) 173135, ¶ 65.

¶ 27    By way of the proportionate penalties clause, our supreme court has held that young adults may rely on the evolving neuroscience and societal standards underlying the rule in *Miller* to support an as-applied challenge to a life sentence. See *People v. Thompson*, 2015 IL 118151, ¶¶ 43-44 (19-year-old defendant "is not necessarily foreclosed from renewing his as-applied challenge in the circuit court" pursuant to the Act); *Harris*, 2018 IL 121932, ¶¶ 59-61. Recently, in *House*, 2021 IL 125124, ¶¶ 29-31, our supreme court once again found that a young adult may bring an as-applied challenge under the proportionate penalties clause based on a developed evidentiary record as to how the "science concerning juvenile maturity and brain development applies equally to young adults, or to petitioner specifically."

¶ 28    However, while our supreme court has suggested that emerging adults may be able to leverage *Miller* to challenge their sentences under the proportionate penalties clause, that suggestion is not tantamount to a substantial change in the law that would provide the defendant cause to file a successive petition under the Act. See *People v. Caballero*, 2022 IL App (1st) 181747-U, ¶ 4. Indeed, during the time since defendant filed his successive postconviction petition, our supreme court has held that the unavailability of *Miller* or the

10

*Miller* line of cases under Illinois law by itself does not provide cause for a successive petition raising youth-based sentencing claims under the proportionate penalties clause. *People v. Dorsey*, 2021 IL 123010, ¶¶ 73-74.

¶ 29 Specifically, in *Dorsey*, 2021 IL 123010, ¶ 74, our supreme court held that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause," because "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing." If *Miller*'s announcement of a new substantive rule does not provide a minor cause to bring a successive petition, it follows that our supreme court's recent acceptance that *Miller* may apply to young adults in certain circumstances does not provide cause for a young adult's successive petition either. Instead, the unavailability of *Miller* and the line of cases extending the rule of *Miller* under Illinois law "at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' [Citation.]" *Dorsey*, 2021 IL 123010, ¶ 74; see also *People v. Guerrero*, 2012 IL 112020, ¶ 20 ("the lack of precedent for a position differs from 'cause' for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, in order to preserve it for review").

¶ 30 Moreover, this court has routinely applied *Dorsey* to reject arguments identical to those raised by defendant in the case at bar. See, *e.g.*, *People v. Winters*, 2021 IL App (1st) 191625-U, ¶ 51 (*Dorsey* foreclosed a finding of cause even where defendant was young adult rather than a juvenile); *Caballero*, 2022 IL App (1st) 181747-U, ¶ 37 (same); *People v. Harris*, 2022 IL App (1st) 200697-U, ¶¶ 33-34 (finding lack of cause in light of *Dorsey*, despite parties' agreement that defendant had established cause). Put simply, because the cases relied upon by

11

defendant did not provide a new basis to challenge defendant's sentence, defendant has failed to establish cause for failing to raise his proportionate penalties claim on direct appeal or in his initial 2015 postconviction petition.

¶ 31     Because defendant has not made a *prima facie* showing of cause, we do not reach the question of whether he has made a *prima facie* showing of prejudice. See *People v. Brown*, 225 Ill. 2d 188, 207 (2007) (where defendant has failed to establish cause, it is not necessary for the court to consider prejudice). The trial court properly denied defendant leave to file his successive postconviction petition.

¶ 32                                        CONCLUSION

¶ 33     For the foregoing reasons, we affirm the judgment of the trial court.

2022 IL App (1st) 201151

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 05-CR-18000; the Hon. Thomas Joseph Hennelly, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Jennifer L. Bontrager, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Paul E. Wojcicki, and James J. Stumpf, Assistant State's Attorneys, of counsel), for the People. |