2023 IL App (1st) 210901-U

No. 1-21-0901

Order filed June 16, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 00 CR 02191 |
| MARY ANN ARNOLD, | ) ) | Honorable Michele McDowell Pitman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Trial court's judgment denying defendant's motion for leave to file a successive postconviction petition is affirmed where she fails to adequately demonstrate cause for failing to raise her eighth amendment and proportionate penalties claims on direct appeal or in her initial 2004 postconviction petition.

¶ 2     Defendant Mary Ann Arnold appeals the trial court's denial of her motion for leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2020)). She argues that her successive postconviction petition made a *prima*

*facie* showing that her 80-year sentence violated the eighth amendment and the proportionate penalties clause as applied to her because it was imposed without adequate consideration of her age of 22 years old at the time of the offenses. For the following reasons, we affirm the judgment of the trial court.

¶ 3 Following an open guilty plea, defendant was convicted of two counts of first degree murder and aggravated kidnapping and was sentenced to concurrent prison terms of 80 and 15 years, respectively. In support of the factual basis of her plea, evidence established that defendant and her codefendants, Evelyn Jackson and Kathryn Amos, kidnapped the victim, Lois Thomas, then beat, strangled and left the victim in a river where she died. The trial court found defendant eligible for the death penalty, but after hearing evidence in aggravation and mitigation, determined that there were mitigating factors sufficient to preclude the imposition of the death penalty. Before imposing sentence, the trial court noted that defendant orchestrated the entire abduction and killing, supplied the motive, created the opportunity and recruited two codefendants. Defendant "secreted" the victim to a wooded area, armed herself with dangerous weapons, and beat the victim for a lengthy period of time. In imposing an extended-term sentence for defendant, the trial court further found that the victim's murder was a brutal and heinous crime indicative of wanton cruelty.

¶ 4 This is the fourth time that defendant has appeared before this court in connection with her guilty plea and sentence. Defendant first appealed the trial court's denial of her motion to reconsider sentence and the denial of her motion to withdraw her guilty plea, contending that her 80-year sentence was excessive and unfairly disparate to the 45 and 20 year terms imposed on her codefendants, Jackson and Amos, respectively. We affirmed defendant's sentences, finding that the trial court's sentence was not an abuse of its discretion and further that the record supported

the trial court's finding that defendant's participation was of a different nature and extent than that of her codefendants to justify the more severe penalty. *People v. Arnold*, Nos. 1-01-4429, 1-03-0541 (cons.) (2003) (unpublished order under Supreme Court Rule 23). The supreme court denied defendant's petition for leave to appeal on March 24, 2004. *People v. Arnold*, 208 Ill. 2d 540 (2004).

¶ 5     On October 22, 2004, defendant filed her initial postconviction petition, arguing that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a jury was required to make the finding that her conduct was exceptionally brutal or heinous behavior indicative of wanton cruelty. She further argued that the indictments did not allege that the offense was brutal and heinous, and there was no reason for an extended-term sentence because she had no prior criminal convictions. The trial court granted the State's motion to dismiss defendant's postconviction petition, finding that: (1) defendant did not have an *Apprendi* claim because she was found eligible for the death penalty and because she pled guilty; (2) *res judicata* applied; and (3) the appellate court found that her sentence was appropriate. This court granted defendant's appellate counsel's motion to withdraw on appeal from that ruling. *People v. Arnold*, No. 1-05-3419 (2007) (unpublished summary order under Supreme Court Rule 23).

¶ 6     On June 22, 2007, defendant filed her first petition for relief from judgment, claiming that the victim was alive when she left her at the river and that Damien McKinley and Walter Hollingsdale went to the victim while she was still alive and killed her. She further argued that her father was unable to testify on her behalf because he was not notified of a change in court dates, and that she was on heavy medication at the time of her plea and "not in a clear frame of mind to

make adequate decisions at the time." The trial court granted the State's motion to dismiss. Defendant did not appeal that decision.

¶ 7 Defendant filed a motion for leave to file a successive postconviction petition on March 14, 2011, arguing that her aggravated kidnapping conviction was improper, and should be vacated as a lesser-included offense, which the trial court denied. Defendant did not appeal that decision.

¶ 8 On September 18, 2012, defendant filed a second petition for relief from judgment, including letters from codefendant Amos, stating that it was codefendant Jackson who was responsible for the victim's death and not defendant. The trial court granted the State's motion to dismiss. Defendant did not appeal that decision.

¶ 9 Defendant filed a third petition for relief from judgment on December 20, 2017, arguing that she was a victim of domestic violence which should have been considered in mitigation at her sentencing. The trial court granted the State's motion to dismiss, and defendant did not appeal that decision.

¶ 10 On April 2, 2021, defendant filed a second motion for leave to file a successive postconviction petition, which is the subject of this appeal. In her *pro se* pleading, defendant argued that her trial counsel was ineffective for failing to explore claims that: (1) defendant was an emerging adult at the time of the offense; (2) one of her convictions should be vacated under the one act, one crime doctrine; (3) the offense was committed under the heat of passion/compulsion; and (4) defendant was a victim of domestic violence and suffered from postpartum depression. Defendant argued that these issues ware not previously available to her and that she demonstrated prejudice where she would benefit from a new sentencing hearing.

¶ 11 The trial court denied defendant's second motion for leave to file a successive petition on June 25, 2021, finding that defendant waived all errors and failed to establish cause and prejudice. Defendant's timely notice of appeal was filed on July 23, 2021.

¶ 12 On appeal, defendant contends that her second successive postconviction pleadings made a *prima facie* showing that her 80-year sentence violated the eighth amendment and the proportionate penalties clause as applied to her because it was imposed without adequate consideration of her youth. Defendant cites juvenile and emerging adult sentencing law in support of her contention, arguing that she made a *prima facie* showing of cause and prejudice for her as-applied emerging adult *Miller* claim. She also argues that her claim is not barred by her non-negotiated guilty plea.

¶ 13 We note that in the circuit court, defendant additionally argued that her trial counsel was ineffective for failing to raise these issues and for failing to raise the heat of passion/compulsion defenses on her behalf. However, defendant has abandoned these arguments on appeal and only raises challenges to her sentence under the eighth amendment and proportionate penalties clause based on an emerging adult theory. Defendant has therefore forfeited any arguments regarding ineffective assistance of counsel on this appeal. *People v. Urzua*, 2021 IL App (2d) 200231, ¶ 86.

¶ 14 The Act provides a statutory remedy for criminal defendants who claim that their constitutional rights were violated at trial or sentencing. *People v. Walker*, 2022 IL App (1st) 201151, ¶ 19. Although the Act contemplates only one postconviction petition, our supreme court has provided through its case law two bases upon which the bar against successive proceedings will be relaxed. *Id.* To file a successive postconviction petition, a defendant must establish either

(1) cause for not filing earlier and prejudice or (2) actual innocence. *Id.* In the case at bar, as noted above, defendant alleges cause and prejudice.

¶ 15     Prior to beginning a successive proceeding, a defendant must get leave of court to file a successive petition. *Id.* ¶ 20. At that stage, when a defendant seeks leave to file, he or she is required to demonstrate only a *prima facie* showing of cause and prejudice. *Id.* To show cause, a defendant must identify an objective factor that impeded his ability to raise the claim in his initial petition. *Id*. To show prejudice, a defendant must demonstrate that the claim so infected the trial that the resulting conviction or sentence violated due process. *Id.* The cause-and-prejudice standard is higher than the normal first-stage frivolous or patently without merit standard applied to initial petitions. *People v. Green*, 2022 IL App (1st) 200749, ¶ 26.

¶ 16     If leave to file is granted, the petition will be docketed for second-stage proceedings. *Walker*, 2022 IL App (1st) 201151, ¶ 20. Leave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and the attached documentation that, as a matter of law, the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings. *Green*, 2022 IL App (1st) 200749, ¶ 26.

¶ 17     Here, defendant has previously made various challenges to her sentence on a motion to reconsider sentence, on direct appeal, her initial postconviction petition, and in her third petition for relief from judgment. However, she has never raised a challenge to her 80-year sentence under the eighth amendment or proportionate penalties clause standards. Section 122-3 of the Act specifically states that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2020). Accordingly,

defendant's proposed constitutional challenges to her sentence set forth in her successive postconviction petition are subject to statutory waiver. However, defendant seeks to avoid the procedural consequence of waiver by application of the cause and prejudice test.

¶ 18   This court has previously rejected similar eighth amendment claims raised by defendants in seeking leave to file a successive postconviction petition. In *Green*, we found that the defendant's eighth amendment challenge was foreclosed because Illinois courts have held that the eighth amendment is not implicated in the case of a defendant aged 18 or over. *Green*, 2022 IL App (1st) 200749, ¶ 29. In *Walker*, this court found that this court's eighth amendment decisions did not directly apply where the defendant was not a juvenile at the time of the offense, and our supreme court had previously reaffirmed under 18 as the age cutoff for juvenile sentencing protections in the eighth amendment context. *Walker*, 2022 IL App (1st) 201151, ¶ 24 citing *People v. Harris*, 2018 IL 121932, ¶ 61. Thus, as has been previously determined by the applicable Illinois caselaw, defendant cannot bring an eighth amendment challenge to her sentence because she was 22 at the time of her offense and not a juvenile.

¶ 19   That brings us to defendant's proportionate penalties claim. While *Harris* foreclosed defendant's eighth amendment argument, it left the applicability of the Illinois Constitution open. See *Harris*, 2018 IL 121932, ¶ 48. Whereas here, a young adult raises an applied challenge, Illinois courts have routinely considered their sentencing claims under the proportionate penalties clause of our Illinois constitution rather than the eighth amendment. *Walker*, 2022 IL App (1st) 201151, ¶ 25; *Green*, 2022 IL App (1st) 200749, ¶¶ 30-33, *People v. Savage*, 2020 IL App (1st) 173135, ¶ 61; *People v. Ross*, 2020 IL App (1st) 171202, ¶ 20. Our supreme court recently addressed the

exact proportionate penalties issue raised by defendant in this appeal in *People v. Clark*, 2023 IL 127273.

¶ 20    In *Clark*, the defendant sought leave to file a successive postconviction petition to challenge his 90-year *de facto* life sentence for first degree murder committed when he was 24 years old under the proportionate penalties clause. *Id.* ¶ 2. The supreme court concluded that *Miller* and its progeny did not provide the defendant with either cause or prejudice that would allow him to bring a new proportionate penalties clause challenge to his 90-year sentence. *Id.* ¶ 58. Citing its prior decision to *People v. Dorsey*, 2021 IL 123010, ¶¶ 73-74, the supreme court noted that *Miller*'s announcement of a new substantive rule under the eighth amendment did not provide cause for a juvenile offender to raise a claim under the proportionate penalties clause because Illinois law recognized the special status for juvenile offenders for purposes of applying the proportionate penalties clause. The supreme court concluded that the unavailability of *Miller* did not impede the defendant's presentation of his proportionate penalties claim on direct appeal or in his first postconviction petition, and the defendant's reliance on *Miller* failed to establish "cause" for avoiding the statutory waiver set forth in section 122-3 of the Act. *Id.* ¶ 67.

¶ 21    The same result must be reached here. While defendant raised challenges to her sentence several times after her sentencing, she never raised a challenge under the proportionate penalties clause even though such argument was always available to her. As our supreme court found in *Clark*, defendant had the essential legal tools to raise her present proposed claim under the proportionate penalties clause when she filed her previous postconviction petitions. *Id.* ¶ 93. Thus, we conclude that defendant has failed to establish a *prima facie* showing of cause for purposes of the cause-and-prejudice test for failing to raise her proportionate penalties claim on direct appeal

or in her initial 2007 postconviction petition, and the trial court properly denied defendant's motion for leave to file a successive postconviction petition.

¶ 22    Because defendant has not made a *prima facie* showing of cause, we need not reach the question of whether she made a *prima facie* showing of prejudice. *Walker*, 2022 IL App (1st) 201151, ¶ 31.

¶ 23    However, even if defendant could establish cause, her motion for leave to file a successive postconviction petition still fails because she cannot establish the prejudice prong of the cause-and-prejudice test by advancing a *Miller*-based challenge to her 80-year sentence because she was only 22 years old at the time of the offense (a young offender).

¶ 24    Defendant is correct that our supreme court has not foreclosed "emerging adult" defendants between 18 and 19 years old from raising as-applied proportionate penalties clause challenges to life sentences based on the evolving science on juvenile maturity and brain development. *Clark*, 2023 IL 127273, ¶ 87. However, none of the defendants in the cases cited by defendant were over the age of 21, and here defendant was 22. See *Id.* ¶ 88. While we recognize the evolving science regarding brain development, for now, individuals who are 21 years or older are adults for *Miller* purposes without any additional evidence to demonstrate that their brain was that of a juvenile.

¶ 25    Moreover, as previously noted, defendant's 80-year sentence was not a mandatory sentence but was discretionary. The record indicates that the trial court found defendant eligible for the death penalty, but her background provided sufficient mitigating circumstances to preclude the death penalty. The trial court instead used its discretion to sentence her to an 80-year prison term. In *Jones v. Mississippi*, 593 U.S. __, 141 S. Ct. 1307, 1314 (2021), the United States Supreme Court clarified that the holding in *Miller* does not apply to discretionary life sentences where the

sentencing court does have discretion to consider youth and attendant characteristics at sentencing. Our supreme court has recently addressed this issue in *People v. Wilson*, 2023 IL 127666, ¶¶ 34-42, and expressly overruled *People v. Holman*, 2017 IL 120655. In doing so, the court found that its decision in *Holman* was at odds with the Supreme Court's decision in *Jones*, which found that a State's discretionary sentencing scheme satisfies *Miller*'s requirement that sentencing courts account for youth and its attendant circumstances. *Id*. ¶ 38. In this case, the length of defendant's discretionary sentence stems, in large part, from the circuit court giving significant weight to the seriousness of the offense as well as its consideration of the various mitigating factors that it found weighed against sentencing defendant to death.

¶ 26 Leave to file a successive postconviction petition should be denied when the petition and the documentation submitted by defendant does not adequately allege facts demonstrating cause and prejudice. *People v. Everett*, 2022 IL App (1st) 201169, ¶ 47. Accordingly, as discussed herein, defendant's allegations cannot meet the cause and prejudice standard for an as-applied challenge under either the eighth amendment or the proportionate penalties clause. For the foregoing reasons, we affirm the trial court's denial of defendant's motion for leave to file a successive postconviction petition.

¶ 27 Affirmed.