2023 IL App (1st) 221825

FOURTH DIVISION
Opinion filed: September 21, 2023

No. 1-22-1825

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No. 12 CR 15690 (01) |
| | ) | |
| | ) | |
| JERMALLE BROWN. | ) | Honorable |
| | ) | Sophia Atcherson, |
| Petitioner-Appellant. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Martin concurred in the judgment and opinion.

**OPINION**

¶ 1     The petitioner, Jermalle Brown (hereinafter referred to as the "defendant"), appeals from an order of the circuit court of Cook County, denying him leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). For the reasons which follow, we affirm.

¶ 2     The defendant was charged with first-degree murder under a felony murder theory, the underlying felony being home invasion.  The evidence adduced at the defendant's trial established that he and several accomplices entered Dondra Sharkey's apartment on East 73rd Street in Chicago on July 25, 2012. One of the accomplices, Douglas Bufford, entered the apartment armed with a revolver. Another accomplice, Dominique Harris, was armed with a shotgun. Harris ordered Sharkey to get up and stand by the refrigerator. As Sharkey stood up and began walking to the kitchen, the shotgun Harris was holding discharged, striking Bufford. Bufford died as a result of the wound.

¶ 3     The jury found the defendant guilty of first-degree murder and home invasion, and the trial court sentenced him to 30 years' imprisonment. The defendant appealed, arguing that the trial court erred in permitting the jury to view a video of him making gang sign hand gestures while in police custody. This court affirmed the defendant's conviction and sentence. *People v. Brown,* 2018 IL App (1st) 151377-U.

¶ 4     On December 14, 2018, the defendant filed a petition seeking relief under the Act, alleging ineffective assistance of counsel. That petition was summarily dismissed by the trial court, and this court affirmed the dismissal. *People v. Brown,* 2021 IL App (1st) 190705-U.

¶ 5     On December 1, 2021, the defendant, acting *pro se,* filed a pleading entitled "Notice of Recapitulation under a Successive Post Conviction Petition." The document requested that the circuit court reduce his sentence because he was "not fully matured and psychologically scarred" when he committed the offences for which he was convicted. The document states that:

1. "Petitioner wishes to argue 'fundamental Fairness' based under the clause of Petitioner's mental capacity at the commission of his participation in the crime he was arrested for.

2. Petitioner, <u>Jermalle Brown</u>, was not the initiated person that actually performed the act that led to the death of <u>Douglass Bufford</u>.

3. Petitioner did not personally inflict an injury during the course of an underlying felony of a violent crime.

4. Petitioner was young at the time and under the age of 21, thereby, showing that he was immature and his brain was not fully developed, as it is now.

5. Petitioner, <u>Jermalle Brown</u>, states, 'in looking back in retrospect, he has regrets and remorse, regardless of who was the initiation. However, petitioner, at the time of his arrest in this case was under zeitgeist conditions of peer pressure and broken cultural aspects of gang life" (*sic*).

The circuit court construed the document as a motion for leave to file a successive postconviction petition. For ease of analysis, and because that appears to reflect the defendant's likely intention, we too will refer to the document as motion for leave to file.

¶ 6    On October 28, 2022, the circuit court denied the defendant leave to file a successive postconviction petition, finding that his pleading was frivolous and patently without merit. The circuit court also found that the defendant failed to allege facts supporting either cause for failing to raise his claims in his initial postconviction petition or prejudice. This appeal followed.

¶ 7    In urging reversal of the circuit court's order denying him leave to file a successive postconviction petition, the defendant argues that he made a *prima facie* showing of both cause and prejudice for having failed to raise his constitutional claims in his initial postconviction petition. We disagree.

¶ 8    Under the Act, a defendant may raise claims that his conviction or sentence violates the United States or Illinois Constitutions. *People v. Edwards*, 2012 IL 111711, ¶ 21; see also *People*

*v. Wimberly*, 2022 IL App (1st) 211464, ¶ 5. The language of the Act and the cases interpreting it make clear that only a single postconviction proceeding is contemplated under the Act. See *Edwards*, 2012 IL 111711, ¶ 22. Issues not raised in an initial petition are waived and the bar to successive petitions is relaxed only where the defendant can establish "cause and prejudice" for failing to raise the claim earlier or where there has been a "fundamental miscarriage of justice" based on actual innocence. *Id.* ¶¶ 21–23; see also *People v. Robinson*, 2020 IL 123849, ¶ 42. The defendant must make a *prima facie* showing of both cause and prejudice. *People v. Bailey*, 2017 IL 121450, ¶ 24. "Both elements of the test must be met for a defendant to overcome section 122-3's waiver provision or to establish fundamental fairness for relaxing the *res judicata* doctrine." *People v. Clark*, 2023 IL 127273, ¶ 47. The Act defines "cause" as "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). The Act states that a defendant shows prejudice by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* At the leave-to-file stage, a defendant " 'is not required to make the "substantial showing" that will later be required at a second-stage hearing after counsel is appointed.' " *Wimberly*, 2022 IL App (1st) 211464, ¶ 5 (quoting *People v. Walker*, 2022 IL App (1st) 201151, ¶ 20). Instead, " 'leave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and attached documentation that, as a matter of law, the petitioner cannot set forth a colorable claim.' " *Walker*, 2022 IL App (1st) 201151, ¶ 20 (quoting *People v. Sanders*, 2016 IL 118123, ¶ 24). We review the denial of leave to file a successive postconviction petition *de novo*. *Robinson*, 2020 IL 123849, ¶ 39.

¶ 9      In his brief, the defendant argues that his *pro se* motion for leave to file a successive postconviction petition asserted a claim that his 30-year sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. 1, sec. 11).  He contends that he alleged that "his sentence was disproportionate because he was convicted under a theory of felony murder" and that, "[i]n light of the evolution of Illinois law regarding the felony murder, *** [he] has demonstrated cause for [failing to raise] his claim" in his initial postconviction petition. The evolution on which the defendant relies is the 2021 amendment to the felony murder statute (720 ILCS 5/9-1(a)(3) (West 2021); P.A. 101-652, § 10-216 (eff. July 1, 2021)).

¶ 10     The State argues that the defendant never made a proportionate penalties claim before the circuit court based on the 2021 amendment to the felony murder statute and, therefore, cannot raise the claim for the first time on appeal. The State contends that the only claim that the defendant raised before the circuit court was a claim based on his youth and lack of maturity at the time of the commission of the home invasion for which he was convicted, the fact that his brain was not fully developed, and his limited involvement in the acts leading to Bufford's death.

¶ 11     In determining whether a petitioner has satisfied the statutory requirements for leave to file a successive postconviction petition, the cause-and-prejudice test is applied to each claim individually. As noted earlier, "cause" is some objective factor that impeded the petitioner's ability to raise a specific claim during his or her initial post-conviction proceedings. 725 ILCS 5/122-1(f) (West 2020).

¶ 12     We will first address the factual assertions in the defendant's *pro se* motion referencing his age, lack of maturity, and brain development. When the defendant was sentenced in 2015 and when he filed his initial postconviction petition in 2018, "Illinois law recognized the special status of young adults, especially those subject to adverse influences, for purposes of applying the

principles of the proportionate penalties clause." See *People v. Moore*, 2023 IL 126461, ¶ 42. As was the case in *Moore,* the defendant in this case had the "essential legal tools" to raise his sentencing claims based on age, lack of maturity, and brain development when he filed his initial postconviction petition. *Id.* We conclude, therefore, that the defendant did not, and cannot, satisfy the cause requirement necessary for leave to file a successive postconviction challenge to his sentence based on age, maturity, or brain development. Having found that the defendant failed to establish cause for not having raised such a claim in his initial postconviction petition, we need not address the question of whether he made a showing of prejudice.

¶ 13    The defendant's *pro se* motion also references the fact that he did not shoot Bufford, or injure anyone, during the course of the underlying home invasion. These facts were known by the defendant both at the time that he filed his direct appeal and at the time that he filed his initial postconviction petition. The defendant failed to raise an issue on direct appeal addressed to the length of his sentence in light of his limited involvement in the underlying offense. Any issue that could have been raised on direct appeal, but was not, is forfeited and cannot form the basis for postconviction relief. See *People v. English*, 2013 IL 112890, ¶ 22; *People v. Ligon*, 239 Ill. 2d 94, 103 (2010).

¶ 14    We are left with the issue of whether the defendant's *pro se* motion set forth a claim that, in light of the recent changes to the felony murder statute, his 30-year sentence for first-degree murder under a felony murder theory violates the proportionate penalties clause of the Illinois Constitution. The defendant argues that he "should be granted leave to file his successive petition where he raised a proportionate penalties claim regarding his 30-year sentence for felony murder on the basis that he did not personally inflict harm where the legislature recently changed the felony murder rule and where the record contains significant mitigation." The defendant contends

that, although "the recent change to the felony murder rule does not explicitly apply to the situation here – where an accomplice accidentally killed another accomplice – [,] the legislature's rejection of the old 'proximate cause theory' suggests that the current felony murder rule has much stricter application." Contrary to the State's argument, the defendant contends that he raised the issue before the circuit court by asserting that his sentence violated "fundamental fairness." We disagree.

¶ 15    In his *pro se* motion for leave to file a successive postconviction petition, the defendant raised "fundamental fairness" in relation to his mental capacity claim, not in relation to any claim based on his limited involvement in the underlying home invasion. Assuming for the sake of analysis that one could interpret the defendant's invocation of "fundamental fairness" as being related to his limited role in the underlying home invasion, the fact remains that he made no assertion in his motion that his 30-year sentence violated the proportionate penalties clause of the Illinois Constitution based upon the amendment to the felony murder statute. Issues that were not raised before the circuit court or in the defendant's motion for leave to file a successive postconviction petition, cannot be raised for the first time on appeal. See *People v. Jones,* 213 Ill. 2d 498, 508–09 (2004). We also find that, had the defendant made such a claim, it would have been frivolous and patently without merit.

¶ 16    The amended version of section 9-1(a)(3) of the Criminal Code of 2012 on which the defendant relies provides that:

"(a) A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

(3) he or she, acting alone or with one or more participants, commits or attempts to commits forcible felony other than second degree murder, and in the course of or in

furtherance of such a crime or flight therefrom, he or she or another participant causes the death of a person." 720 ILCS 5/9-1(a)(3) (West 2021).

¶ 17    The crime of home invasion of which the defendant was convicted is a forcible felony. See 720 ILCS 5/2-8 (West 2010). During the course of the home invasion, Bufford died as the result of a gunshot fired by Harris, a coparticipant in the home invasion with the defendant. As the State correctly contends, the defendant's "conduct was criminal and falls squarely within the definition of felony murder both at the time of the offense and now." Nothing in the recent amendment to section 9-1(a)(3) of the Criminal Code of 2012 provides the defendant with a claim for relief under the Act based on the proportionate penalties clause of the Illinois Constitution.

¶ 18    For the reasons stated, we affirm the judgment of the circuit court denying the defendant leave to file a successive postconviction petition.

¶ 19    Affirmed.

*People v. Jermalle Brown, 2023* **IL App (1st) 221825**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, 12 CR 15690 (01), Honorable Sophia Atcherson. Judge, presiding. |
| **Attorneys for Appellant:** | Douglas R. Hoff, Deputy Defender<br>Chan Woo Yoon, Asst Appellate Defender<br>Office of the State Appellate Defender<br>203 N. LaSalle St., 24th Floor<br>Chicago IL  60601<br>(312) 814-5472 |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney of Cook County<br>Enrique Abraham, Matthew Connors, Zachary M. Slavens – Asst. State's Attorneys, Of Counsel<br>309 Richard J. Daley Center<br>Chicago, IL 60602<br>(312) 603-5496 |